UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Michelle S. Wright | ) | CASE NO: 5:24CV00332 |
| Plaintiff, | ) ) ) | JUDGE JOHN ADAMS |
| v. | ) ) | **OPINION AND ORDER** |
| City of Akron, et al. | ) ) ) ) | |
| Defendants. | ) | |

*Pro se* plaintiff Michelle S. Wright filed this *in forma pauperis* civil rights action against the City of Akron and several individuals associated with her state court case in the Summit County Court of Common Pleas, Juvenile Division, including two magistrates, one judge, a prosecutor, a Sheriff's Deputy, and Summit County Children's Services employees. (Doc. No. 1).

As best the Court can discern, Plaintiff's complaint stems from the Juvenile Court case in which legal custody of Plaintiff's minor children was awarded to the children's father. (*See* Doc. No. 1-1 at 11). Plaintiff appears to allege that all defendants have engaged in misconduct in connection with her Juvenile Court case. Her allegations include the unlawful removal of her children, a violation of her equal protection rights, a violation of her parental rights, including the right to a hearing and the right to reunification. (*See* Doc. No. 1). In a conclusory fashion, Plaintiff claims that the defendants seized her children's SSI benefits. (*Id.* at 11). She also states that she was "kidnapped, trafficked" and her children were "abducted." (*Id.* at 12). Finally, as a basis

for jurisdiction, Plaintiff lists various criminal statutes, including 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), "RICO Act," 18 U.S.C. § 242 (deprivation of rights under color of law), and the Victims of Trafficking and Violence Protection Act of 2000.

Plaintiff requests compensatory relief, the return of her children, and the children's SSI benefits returned.

## I. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in forma pauperis*, her complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127

2

S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## II. Discussion

To the extent Plaintiff is asking the Court to overturn a state court judgment and issue judgment in her favor, the Court cannot grant that relief pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Under this principle, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). United States District Courts lack jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an

3

allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.*

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Rather, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299.

If the source of the plaintiff's injury is the state-court judgment itself, then the *Rooker-Feldman* doctrine bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* In conducting this inquiry, the Court should also consider the plaintiff's requested relief. *Evans v. Cordray*, No. 09-3998, 2011 U.S. App. LEXIS 10787, 2011 WL 2149547, at *1 (6th Cir. May 27, 2011).

4

Here, the source of Plaintiff's alleged injury is the state juvenile court's decision awarding custody of Plaintiff's children to the children's father. Plaintiff asks the Court to return the children to her. To do that, the Court would have to vacate the judgment of the state juvenile court. Pursuant to *Rooker-Feldman*, this Court lacks subject matter jurisdiction to do so.

To the extent Plaintiff is seeking to litigate the matter for a second time in a different court in the hope of obtaining a different result, this Court cannot grant that relief. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). The term "res judicata" literally means "a thing [already] adjudicated." Black's Law Dictionary, 2nd Ed. When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Plaintiff asks this Court to make a determination on her parental rights. This issue has been previously decided by the Summit County Juvenile Court. *Res judicata*

5

therefore bars Plaintiff from relitigating her parental rights in federal court. This Court must give full faith and credit to the judgment of the state court.

Moreover, to the extent Plaintiff's claims are not barred by *Rooker-Feldman* or *res judicata*, Plaintiff's pleading fails to state a claim on which relief may be granted. Plaintiff lists several federal criminal statutes, the Fourth, Fifth, and Fourteenth Amendments, a victim protections act, and several "parental rights." And Plaintiff asserts the following conclusory claims: abuse of power in transferring the children's SSI benefits; negligence in handling the children's SSI benefits; Ms. Sewell "kidnapped and trafficked" her son; Mr. Kabasinski threatened her; the prosecutor did not have probable cause to remove her children from the home; Magistrate Mendlick "coerced me in a … emergency custody hearing"; and a Sheriff's deputy "followed, stalked, and harassed and was part of the kidnapping and trafficking of my children." (Doc. No. 1 at 6-7, 9, 11, 13-14). Plaintiff's allegations are so convoluted, vague, and conclusory that they fail to meet basic federal pleading requirements or state any plausible claim for relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief); *see also Heinz v. HSBC Mortgage Serv., Inc.*, N. 5:21-cv-542, 2021 U.S. Dist. LEXIS 203680, 2021 WL 4942198, at *4 (N.D. Ohio Oct. 22, 2021) (finding Plaintiff's unclear and conclusory "defendants-unlawfully-harmed-me allegations" were insufficient to state a plausible claim for relief) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)); *Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 Fed. App'x. 487, 491 (6th Cir. 2005) (upholding dismissal of a complaint for failure to meet basic pleading requirements).

### III. Conclusion

For the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

**IT IS SO ORDERED**.

June 3, 2024 /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT